

February 14, 2019

The Honorable George C. Hanks, Jr.
United States District Court for the
Southern District of Texas
United States Courthouse
601 Rosenberg, Sixth Floor
Galveston, Texas 77550

Re:    *MOVE Texas Civic Fund et al. v. Whitley et al.*; Case No. 3:19-cv-00041: Response to State Defendants' Notice, Dkt. No. 35

Dear Judge Hanks:

On February 6, 2019, Plaintiffs filed their Motion for Preliminary Injunction with this Court. In conjunction with their Motion, Plaintiffs requested an expedited briefing and hearing schedule due to the exigent circumstances surrounding Plaintiffs' request for relief. As explained in Plaintiffs' Request, Dkt. No. 9, based on the Secretary of State's January 25, 2019 Advisory, certain counties including Defendant counties have already begun emailing out Notices to individuals on the Purge List, who will overwhelmingly be naturalized citizens. Individuals will begin being purged from the voter rolls starting on February 27, 2019 absent relief from this Court. In response to Plaintiffs' request, on February 8, 2019, this Court set a hearing date for February 22, 2019. Dkt. No. 14. That same day, Plaintiffs notified the State Defendants of the hearing date.

Nearly a week after the filing of Plaintiffs' Motion for Preliminary Injunction, on February 12, 2019, the State Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint, which argued, *inter alia*, that because a separate case concerning the Advisory was filed first in the Western District of Texas, Plaintiffs' case here should either be dismissed or transferred to the Western District. Today, six days after being notified of the February 22, 2019 hearing date, the State Defendants ask this Court to either hear their argument on "first to file" prior to February 22, 2019 or to reset the February 22, 2019 hearing for some later date.

Neither suggestion is necessary or appropriate. Plaintiffs intend to respond to Defendants' argument regarding the "first to file" rule prior to the February 22, 2019 hearing. Should the Court wish to hear argument on the rule, Plaintiffs will be prepared to do so at that hearing. Scheduling a second, earlier hearing would respectfully not be an efficient use of the Court's resources.

Most importantly, Plaintiffs risk having their fundamental right to vote curtailed if the court delays taking action. Any transfer of venue or postponement of the hearing will undermine the

very reason Plaintiffs sought an expedited hearing in the first place—namely the imminent threat that counties will begin purging naturalized citizens from their voting rolls starting February 27, 2019.

The State Defendants fail to address the significant differences between this case and the Western District case, *Texas League of United Latin American Citizens v. Whitley*, No. 5:19-CV-00074-FB.  Critically, Plaintiffs here seek preliminary injunctive relief against the Secretary of State, the Director of Elections, *and* individual counties.  As to the counties, Plaintiffs seek to enjoin them from sending notices to individuals on the basis of the Secretary of State's Purge List and from removing any registered voter from voter rolls based on a failure to respond to such notices.  The Western District case includes no claims against any county entity or official and seeks relief against only the Secretary of State and Attorney General.  Further, Plaintiffs' request for preliminary injunctive relief is based on the Defendants' use of a suspect classification—national origin—as a basis to target registered voters for removal, and argues that this classification cannot survive strict scrutiny under the Equal Protection Clause, a claim that is not asserted in the Western District litigation.  As a result, any order entered in the Western District case following the hearing scheduled for February 19 will not fully satisfy Plaintiffs' requested relief nor address the legal and factual issues presented here.  Given the short time frame, transfer of this case to another court will increase the likelihood that Plaintiffs' unique claims for relief will not be heard in time to prevent irreparable harm.

The "first to file" rule is a discretionary rule that does not justify prejudicing Plaintiffs' request for immediate relief in this instance.  *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677 (5th Cir. 2011) ("The first-to-file rule is a discretionary doctrine, . . . the application of which we normally review for abuse of that discretion.") (citation omitted).  Beyond the fact that the relief sought between these two cases differs, other differences make consolidation unnecessary.  The Western District case is a putative class action with claims based on Voter Intimidation under the Voting Rights Act and an undue burden under the First and Fourteenth Amendment.  In contrast, here, Plaintiffs do not seek to certify a class and have brought different causes of action, with the sole exception of the undue burden claim.  In addition, only a single party, the Secretary of State, is common to both actions; none of the plaintiffs are the same, and none of the other defendants in the two cases overlap. In short, the Western District case and the case at bar share only one common party and one common cause of action.  All other causes of action, Plaintiffs, and Defendants are unique.

Accordingly, and as will be explained more fully in Plaintiffs' forthcoming response, this Court should neither dismiss nor transfer this case, and need not adjust the hearing on Plaintiffs' preliminary injunction motion solely to accommodate the State Defendants' request that this Court exercise its discretion on the first to file rule.

Respectfully,

Andre Segura (Attorney-in-Charge)
Thomas Buser-Clancy
Edgar Saldivar
Brian Klosterboer
*American Civil Liberties Union Foundation of Texas*

Mimi Marziani**
Rebecca Harrison Stevens
Joaquin Gonzalez**
*Texas Civil Rights Project*

Chiraag Bains** †
Stuart C. Naifeh**
Brenda Wright**
*Dēmos*

Jon Greenbaum**
Ezra D. Rosenberg**
Brendan B. Downes**
*Lawyers' Committee for Civil Rights Under Law*

Sophia Lin Lakin**
Dale E. Ho**
*American Civil Liberties Union*

ATTORNEYS FOR PLAINTIFFS

** Pro hac vice application forthcoming
† Admitted in Massachusetts, not D.C.; practice consistent with D.C. App. R. 49(c)(3).

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon defense counsel via this Court's ECF and email.

/s/*Andre Segura*
Andre Segura